IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR FABIAN-LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH CARE INC.,<br>VASANTHA PAI, M.D. P.C.,<br>LINCOLN SURGICAL ASSOC., LTD.,<br>VASANTHA PERAJE PAI,<br>KEVIN T. BARNETT,<br>FRANCESCO M. BIANCO,<br>MOHAMMED SIDDIQUI,<br>JOHN R. TROST,<br>MICHAEL MOLDENHAUER,<br>ANDREW H. TILDEN,<br>LATANYA WILLIAMS,<br>ALMA MIA ROSAL MARTIJA, and<br>GHALIAH OBAISI, *Independent Executor of the Saleh Obaisi, M.D., deceased,*<br><br>    Defendants. | Case No. 19-cv-01299-SPM |

## MEMORANDUM AND ORDER

Plaintiff Victor Fabian-Lopez, an inmate of the Illinois Department of Corrections, commenced this action by filing a complaint in the United States District Court for the Northern District of Illinois. In the First Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 (Counts 1-6) and Illinois state law (Counts 7-20) for the alleged inadequate medical care and delayed diagnosis of a gastrointestinal stromal tumor by various medical professionals while incarcerated. (Doc. 10). The Northern District Court granted Defendants' motion to transfer venue, and the case was transferred to this Court on November 25, 2019. (Docs. 91, 99). On July 15, 2020, Chief Judge Rosenstengel granted in part the motion to dismiss filed by Defendants Wexford Health Sources, Inc., Siddiqui, Trost, Moldenhauer, Tilden, Williams, Martija, and Obaisi, and

dismissed Eighth Amendment claims, Counts 1-4, as barred by the statute of limitations. (Doc. 121). The case was then reassigned to the undersigned on October 6, 2020. Now pending before the Court is a motion for summary judgment filed by Defendants Mohammed Siddiqui and Michael Moldenhauer. (Doc. 163).

In the motion for summary judgment, Defendants argued that Count 5 against Dr. Siddiqui and Count 6 against Nurse Practitioner ("NP") Moldenhauer should be dismissed because Plaintiff failed to timely and properly exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1977e(a). Plaintiff has filed a response acknowledging that he did not exhaust his administrative remedies with respect to Dr. Siddiqui and NP Moldenhauer before filing this lawsuit and also asks the Court to dismiss Counts 5 and 6 without prejudice. (Doc. 165). Because Plaintiff does not contest the motion and also seeks dismissal of Counts 5 and 6, the motion for summary judgment is granted. Counts 5 and 6 are dismissed without prejudice.

Now that the constitutional claims brought pursuant to Section 1983 have all been dismissed (Counts 1-6), the only remaining claims are Plaintiff's state law claims for medical malpractice (Counts 7-20). "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012). *See also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994) ("when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts"). There are of course exceptions to this general rule, and the Court may make a determination to retain jurisdiction when: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) it is absolutely clear how the pendent claims can be decided." *Sharp Elecs. Corp. v. Metro.*

*Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009) (quoting *Wright*, 29 F.3d at 1251) (internal quotations omitted).

None of the exceptions, however, exist in this case. While the statute of limitations may have run on the remaining state law claims, there is an Illinois statute that authorizes tolling in these circumstances. *See* 735 ILCS 5/13-217 (allowing a claimant one year to refiled in state court a claim dismissed "for lack of jurisdiction" by a federal court). Furthermore, this case is still in the early discovery phase, and the Court has not expended substantial judicial resources justifying keeping this case in federal court or making it absolutely clear on how the claims will be decided. Exercising supplemental jurisdiction over the remaining state law claims is therefore not warranted, and Counts 7-20 are dismissed without prejudice, with leave to refile in state court. *See* 28 U.S.C. § 1367(c)(3).

### DISPOSITION

For the reasons stated above, the Court **GRANTS** the Motion for Summary Judgment (Doc. 163) and **DISMISSES without prejudice** Counts 5 and 6. The remaining state law claims, Counts 7-20, are **DISMISSED without prejudice** for lack of jurisdiction. The Court **DIRECTS** the Clerk of Court to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   May 25, 2021**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**